```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
TANGLE, INC.,                                                           :
                                                                        :
                                                                        :
                                Plaintiff,                              :
                                                                        :      21-CV-7024 (JMF)
                -v-                                                     :
                                                                        :      MEMORANDUM OPINION
                                                                        :           AND ORDER
THE INDIVIDUALS, CORPORATIONS, LIMITED                                  :
LIABILITY COMPANIES, PARTNERSHIPS, AND                                  :
UNINCORPORATED ASSOCIATIONS IDENTIFIED                                  :
ON SCHEDULE A TO THE COMPLAINT,                                         :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Tangle, Inc. ("Tangle"), a toy manufacturer and distributor, sued scores of Defendants, including Defendant 2CA61 BYLF ("BYLF"), for infringement of its intellectual property. *See* ECF No. 1 ("Compl."). Tangle alleged that BYLF and the other Defendants offered for sale online or actually sold counterfeit Tangle toys. *See id.* Upon filing its complaint, Tangle moved *ex parte* for a temporary restraining order (1) enjoining Defendants from infringing on its trademarks and copyrights; (2) directing Amazon.com ("Amazon") to disable Defendants' online storefronts; and (3) ordering Payoneer, Inc. ("Payoneer") to attach Defendants' accounts and freeze its funds. *See* ECF Nos. 4-7. The Court granted the motion and, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, required Tangle to post $5,000 as security. *See* ECF No. 12 ("TRO"). Not long thereafter, at a hearing to which BYLF did not appear, the Court granted Tangle's motion to enter a preliminary injunction on terms similar to those in the TRO. *See* ECF No. 25 ("PI"). Two weeks later, however, BYLF finally appeared and moved to dissolve the injunction. *See*

1

ECF No. 31.  Following a conference and failed settlement negotiations between the parties, *see* ECF No. 69, 74 ("Pl.'s Opp'n"), at 2, but before Tangle responded to BYLF's motion, Tangle voluntarily dismissed its claims against BYLF without prejudice, *see* ECF No. 44.  BLYF now moves for damages and fees, arguing that it was wrongfully enjoined.  *See* ECF Nos. 66, 70.

Rule 65(c) "allows for recovery on posted security where the party has 'been wrongfully enjoined or restrained.'"  *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 137 (2d Cir. 2014) (quoting Fed. R. Civ. P. 65(c)); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557-58 (2d Cir. 2011) (explaining the purpose behind Rule 65(c)'s security requirement).[1]  "A party has been 'wrongfully enjoined' under Fed. R. Civ. P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990); *see also Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, 72 F.3d 260, 263 (2d Cir. 1995) (holding that a party has been wrongfully enjoined if it was "ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing"). Significantly, "whether a party has been 'wrongfully enjoined or restrained' is not always coextensive with a final adjudication on the merits." *U.S. D.I.D. Corp.*, 775 F.3d at 137. Relatedly, "a district court may grant recovery from a [Rule 65(c)] security after the plaintiff files a notice of voluntary dismissal." *Id.* at 131.  But voluntary dismissal, in itself, does not entitle the defendant to such recovery; instead, whether the defendant is entitled to recover "turns on a determination that the defendant was wrongfully restrained." *Id.* at 136.

---

[1]  It is not clear whether BYLF argues that it was wrongfully restrained by the TRO, enjoined by the preliminary injunction, or both.  But the standard is the same regardless.

In light of these standards, BYLF's motion for damages must be and is denied.  It is undisputed that BYLF was neither registered nor authorized to sell Tangle products.  *See* Compl. ¶ 30 ("Plaintiff has not licensed or authorized Defendants to use [its] Trademark or [] Copyright Registrations, and none of the Defendants are authorized retailers of genuine [Tangle] Products."); *see* ECF No. 71 ("Def.'s Reply") at 3, 4 ("With respect to Plaintiff's intellectual property rights, Defendant, or anybody else, is prohibited from selling, distributing or delivering any of Plaintiff's branded products.").  And in support of the TRO and PI, Tangle presented evidence that BYLF offered for sale online a product with a unique product identifier assigned to one of Tangle's products and described the product as "Tangle Jr. Classic Sensory Fidget Toy . . . Brand: Tangle . . . sold by 2CA61 BYLF."  *See* Pls.' Opp'n 3; ECF No. 39-2.  Notably, BYLF describes its conduct as a "good faith and honest mistake," Def.'s Reply 4, but in doing so effectively admits that it did offer a counterfeit Tangle product for sale.  It follows that BYLF was not "wrongfully" enjoined from "[u]sing [Tangle's] Trademarks, copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine [Tangle] product or not authorized by [Tangle] to be sold in connection with [its] Trademarks and/or copyrights."  PI 3; *see also* TRO 4-5.  Put simply, BYLF did not have "the right" to use Tangle's trademarks or copyrights, let alone offer counterfeit Tangle products for sale.  *Blumenthal*, 910 F.2d at 1054.

Nor does the fact that the TRO and PI ordered Amazon and Payoneer to disable BYLF's accounts and attach its funds entitle BYLF to relief.  *See* PI 5-6, 8; *see also* TRO 6-7.  It is well established that district courts have the power to freeze funds where, as here, the plaintiff seeks an accounting of profits.  *See* Compl. 22; *see also, e.g.*, *Gucci Am. Inc. v. Bank of China*, 768

F.3d 122, 130-32 (2d Cir. 2014); *Tiffany (NJ) LLC v. China Merchs. Bank*, 589 F. App'x 550, 552 (2d Cir. 2014) (summary order).  And upon being presented with proof that a vendor is using an online storefront to sell infringing property, courts in this Circuit regularly restrain and enjoin use of the online storefront altogether to prevent further sales and attempted sales of infringing products.  *See, e.g.*, *Ningbo Mizhihe I&E Co. v. Does 1-200*, No. 19-CV-6655 (AKH), 2022 WL 2274352, at *1 (S.D.N.Y. June 23, 2022); *Smart Study Co. v. Bichha123*, 505 F. Supp. 3d 322, 324 (S.D.N.Y. 2020).  The fact that these actions may have had a devastating effect on BYLF's business, including interfering with sales of products that it was allegedly authorized to sell, *see* Def.'s Reply 2-4, is unfortunate, but does not entitle BYLF — which failed, despite receiving notice, to appear and contest entry of the PI — to relief from Tangle here.

BYLF's arguments for why it was wrongfully enjoined are without merit.  First, BYLF rests on the absence of evidence that it actually completed a sale of a counterfeit Tangle product.  *See* ECF No. 70 ("Def.'s Mem."), at 4; Def.'s Reply 4.  But the law not only precluded BYLF from selling counterfeit Tangle products; it also precluded BYLF from "offering" those products "for sale."  15 U.S.C § 1114(1).  And, as noted, BYLF does not dispute, even now, that it was offering such products for sale; it merely asserts that it did so by "mistake."  Def.'s Reply 4.  Second, relying on *Smart Study Co. v. Bichha123*, and *B.G. Soft Ltd. v. BG Soft International, Inc.*, No. 01-CV-17 (RR), 2002 WL 1467744, at *2 (E.D.N.Y. Apr. 29, 2002), BYLF contends that Tangle's voluntary dismissal establishes as a matter of law that it was wrongfully enjoined.  Def.'s Mem. 5-6.  That argument, however, is foreclosed by *U.S. D.I.D.* (a decision that postdates *B.G. Soft Ltd.* and is not cited in *Smart Study*), in which the Second Circuit made clear that a district court "may," but is not required to, "grant recovery from a [Rule 65(c)] security after the plaintiff files a notice of voluntary dismissal" and clarified that recovery turns

4

exclusively on a showing that "the defendant was wrongfully restrained." *U.S. D.I.D. Corp.*, 775 F.3d at 131, 136; *see also, e.g.*, *Cortland Line Holdings LLC v. Lieverst*, No. 18-CV-307, 2020 WL 6041997, at *3 (N.D.N.Y. Oct. 13, 2020) (relying on *U.S. D.I.D. Corp.* to reject the same argument). If anything, the case for recovery in *U.S. D.I.D. Corp.* was stronger than the case here. There, the plaintiff voluntarily dismissed *after* the court denied its motion for a preliminary injunction and dissolved the TRO based in part on its failure to establish a likelihood of success on the merits. *See* 775 F.3d at 132. Here, the Court *entered* a preliminary injunction.

In short, BYLF cannot recover damages, from the security or otherwise, because it was not "wrongfully" restrained or enjoined. Nor can it recover attorney's fees under 15 U.S.C. § 1117(a), as it seeks. *See* Def.'s Mem. 10-14. A "defendant may be awarded attorneys' fees in a Lanham Act case if: (1) the defendant is the prevailing party and (2) the case is exceptional." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 129 (S.D.N.Y. 2019). BYLF's claim fails on both accounts. First, it is not a "prevailing party" because Tangle dismissed its claims without prejudice. *See, e.g.*, *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cnty. Taxi & Limousine Comm'n*, 272 F.3d 154, 158 (2d Cir. 2001); *see also, e.g.*, *Magder v. Lee*, No. 14-CV-8461 (JFK), 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) ("[W]here . . . the plaintiff unilaterally dismisses the case without prejudice, such an act is not 'judicially sanctioned' since no court action is required . . . [and] is not a change in the legal relationship between the parties because [the] plaintiff can still bring the claim again."). Second, for the reasons discussed above, BYLF fails to show that Tangle's claims were either "frivolous" or "objective[ly] unreasonable[]," as required to demonstrate that this is an "exceptional" case. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014); *see also Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530-31 (2d Cir. 2018) (holding that the *Octane*

*Fitness* standard applies to the Lanham Act); *Mister Softee of Brooklyn, Inc. v. Boula Vending Inc.*, 484 F. App'x 623, 624 (2d Cir. 2012) (summary order) ("[A] finding of willfulness, fraud, or bad faith is a prerequisite to finding a case sufficiently exceptional to warrant an award of fees under Section 1117(a).") (internal quotation marks omitted).  Accordingly, the Court finds that BYLF is not entitled to attorney's fees.

For the foregoing reasons, BYLF's motion for damages and fees is DENIED.

SO ORDERED.

Dated: November 14, 2022
      New York, New York

                                        JESSE M. FURMAN
                                     United States District Judge